-PS-O-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

RICHARD MILLS, 02-B-0778,
DAVID HASKINS,

        Plaintiffs,

  -v-

LUPLOW, Officer,
HOY, Officer,
R. J. GREER, Superintendent,
MANGEFRIDA, Officer,
ZIPFEL, Officer,
ZEHLER, Officer,
SAGE, Officer,
AUATIN, Officer,
KELLY KOZAK,
WOLFF, Officer
KLOMETZ, Officer,
GARY MAHA, Sheriff
MANLEY, Officer
RIDDER, Officer,
KLEIN, Officer,
MATTICE, Officer,
CAPTAIN CONWAY, Officer,
STACK, Officer,
ITIJEN, Officer,
SMITH, Officer,
AGUSTA WELSH,
TED MILLER,
GENESEE COUNTY MENTAL HEALTH SERVICES,
GENESEE COUNTY JAIL,
COUNTY OF GENESEE,
JANE DOE,
JOHN DOE 1,
JOHN DOE 2,
JOHN DOE 3,
JOHN DOE 4,
JOHN DOE 5,

**DECISION AND ORDER**
04-CV-0005A

JOHN DOE,
TERESE BRYAN,
OFFICER ARATARI,
OFFICER RENZ, and
OFFICER CREEGAN,

        Defendants.

---

      Plaintiff Richard Mills, formerly a pre-trial detainee at the Genesee County Jail ("the Jail") and now an inmate at the Five Points Correctional Facility following his conviction in Genesee Couny, initially filed a *pro se* complaint seeking relief under 42 U.S.C. § 1983, Title II of the Americans With Disabilities Act ("ADA"), as amended, 42 U.S.C. § 12132 *et seq.*, and the Rehabilitation Act, as amended, 29 U.S.C. § 794 et seq. (Docket No. 1). He also filed an application to proceed *in forma pauperis*. Mills then sought permission to amend the complaint in order to file a class action on behalf of all inmates at the Genesee County Jail and to add three specific inmates as named plaintiffs--David Haskins, Christopher Verton and Travis Blue. (Docket No. 4). Mills and Haskins then filed a First Amended Complaint (Docket No. 11) and Haskins filed an application to proceed *in forma pauperis*. Neither Verton nor Blue signed the First Amended Complaint nor did they submit applications to proceed *in forma pauperis* and they were thus dismissed as plaintiffs in this action. (Docket No. 14).

The First Amended Complaint alleged, *inter alia*, that the defendants, which included the Sheriff of Genesee County, Genesee County, the Genesee County Jail, Genesee County Health Services, and a number of officials and employees of the Sheriff's Department and Health Services, as well as Mills' former court-appointed criminal defense counsel, violated Mills' constitutional rights, the ADA and Rehabilitation Act when, following his transfer back to the Genesee County Jail from the custody of the New York State Department of Correctional Services ("DOCS"),[1] he was placed in isolation for six days at the Jail without a mental health exam and that he was denied, among other things, adequate legal

---

[1] Mills was arrested on December 20, 2001 and charged with, *inter alia*, attempted murder in the second degree. On March 4, 2002, plaintiff waived his right to a grand jury indictment and entered a pre-indictment plea to attempted murder in the second degree and criminal possession of marijuana in the second degree. On April 5, 2002, plaintiff was sentenced by Genesee County Court Judge Robert Noonan and turned over to the custody of DOCS. On October 7, 2003, Judge Noonan vacated the conviction and plaintiff was later returned to the custody of the Genesee County Sheriff. Plaintiff was then indicted by a Genesee County Grand Jury on October 23, 2003 and later convicted of attempted murder, attempted assault and reckless endangerment. (Complaint, ¶¶ 18-38).

Mills presently has three other actions currently pending in this Court: (1) *Mills v. Genesee County Sheriff's Department, et al.*, 03-CV-0196A(Sr), in which he is represented by court-appointed counsel and alleges that he was subjected to an unlawful search on the night of his initial arrest, and was denied adequate medical care and subjected to inhumane treatment at the Genesee County Jail while detained there between his initial arrest and the transfer of custody to DOCS upon conviction in April 2002, pending disposition of the original charges against him; (2) *Mills v. Genesee County, et al.*, 04-CV-0989A, in which he alleges that Genesee County, the Genesee County Judge handling his criminal proceedings, the District Attorney, his court-appointed counsel and others conspired to deprive him of his civil rights during his criminal proceedings; and (3) *Mills v. Appellate Division, Fourth Department, et al.*, 05-CV-0612A, wherein he alleges that members of the New York State Supreme Court, Appellate Division, and others have denied him of his constitutional right to an appeal of his criminal conviction by appointing him counsel that has not acted diligently in prosecuting the appeal. The later two have yet to be initially reviewed by Court pursuant to 28 U.S.C. § 1915(e)(2)(B) and 1915A, because in 04-CV-0989A plaintiff has filed an amended complaint and motion to file an additional amended complaint, and 05-CV-0612A was just filed. Mills has also had two other cases dismissed on initial review by the Court: (1) *Mills v. Genesee County Court Judge Noonan, et al.*, 04-CV-0142A, wherein he alleged that the County Court Judge and District Attorney involved in his criminal proceedings violated his constitutional rights and the ADA by the manner in which they and others handled the criminal proceedings against him in Genesee County; (2) *Mills v. State of New York*, 05-CV-0012A, which was a habeas corpus petition challenging his state court conviction and was dismissed for Mills' failure to exhaust his state court remedies.

3

materials and supplies, adequate mental health and dental care services, water and adequate recreational facilities. (Docket No. 11). Haskins similarly alleged that he was denied adequate mental health and dental care services, legal materials and adequate recreation facilities. (*Id.*)

The court (Hon. David G. Larimer) issued an initial order in this matter that, *inter alia*: (1) granted Mills and Haskins permission to proceed *in forma pauperis*, (2) denied Mills' motions to proceed as a class action and for a temporary restraining order, (3) dismissed with prejudice the Second Cause of Action, the Third and Eight Causes of Causes of Action to the extent they alleged a denial of legal materials and access to the courts in relation to Mills's and Haskins's criminal proceedings in Genesee County Court, the Seventh Cause of Action in its entirety, the Ninth Cause of Action in its entirety, the Thirteenth Cause of Action to the extent it alleged retaliation for filing grievances and complaints, the Fourteenth Cause of Action in its entirety, and the Seventeenth Cause of Action, (4) dismissed without prejudice the Fifteenth, Sixteenth, Nineteenth and Twentieth Causes of Action in their entirety because they were claims that related solely to dismissed plaintiffs Verton and Blue, and (5) granted Mills and Haskins leave to file a second amended complaint regarding only the claims alleged in the Third and Eighth Causes of Action to the extent they alleged a denial of access to the courts, legal materials and an adequate law library, separate and apart from their criminal proceedings, and the claim alleged in the Thirteenth Cause of

Action to the extent it alleged a denial of grievance forms and access to the grievance process.

Haskins and Mills have now filed, among many other docketed items, a Second Amended Complaint, as they were permitted leave to do by the court (Docket No. 18), which must now be screened pursuant to 28 U.S.C. §§ 1915e(2)(B) and 1915A, and the following motions: motions to appoint counsel and to allow court-appointed counsel to file a second amended complaint (Docket Nos. 23 and 28); a motion for a preliminary injunction (Docket No. 25); a motion for judicial intervention (Docket No. 27); and a motion for leave to file a supplemental complaint (Docket No. 30). The Second Amended Complaint and the motions will each be dealt with in turn below.

### A. Second Amended Complaint

Before addressing the claims raised in Second Amended Complaint and the motion for leave to file a supplemental complaint, the court will briefly summarize what claims pled in the First Amended Complaint were previously dismissed, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), for failure to state claims for upon which relief can be granted, what claims were allowed to proceed, and what claims plaintiffs were permitted the opportunity to amend in order to state a claim upon which relief could be granted. (Docket No. 14).

The following claims were dismissed with prejudice: the Seventh Cause of Action against former defendant Rarick, Mills' initial court-appointed defense counsel (Docket No. 14, p. 7); the Second, Third and Fourteenth Causes of Action but only to the extent they alleged the denial of legal materials and supplies relating to Mills' and Haskins's then pending criminal proceedings in Genesee County (*id.*, pp. 8-9); the Ninth Cause of Action that alleged that Mills was denied adequate drinking water at the Jail between December 16-23, 2003 (*id.*, p. 11) ; and the Thirteenth Cause of Action but only to the extent it alleged retaliation for filing grievances at the Jail (*id.*, pp. 12-14).

The following claims were allowed to proceed as pled: the First and Fourth Causes of Action that alleged that Mills was denied mental health care and access to mental health care services while he was in isolation between October 15-21, 2003, upon his return to the Jail from DOCS's custody, in violation of the Eight Amendment, the ADA and Rehabilitation Act (Docket No. 14, p. 15); the Fourth through Sixth, and Tenth through Twelfth Causes of Action that alleged that Mills and Haskins were denied adequate mental health and dental care and access to mental health and dental care services while at the Jail (*id.*); the Seventeenth Cause of Action that alleged that Mills was retaliated against for filing this lawsuit (*id.*); and the Eighteenth Cause of Action that alleged that Mills and Haskins were denied adequate recreational facilities (*id.*).

Plaintiffs were allowed leave to re-plead the following claims: the Third and Eighth Causes of Action to the extent they alleged that plaintiffs were denied legal materials and supplies and an adequate law library at the Jail (Docket No. 14, pp. 9-10); and the Thirteenth Cause of Action to the extent it alleged the denial of grievance forms and access to the grievance process at the Jail (*id.*, pp. 12-13). In assessing these claims, the court found that plaintiffs had not alleged that they suffered some type of harm flowing from the alleged denial of access to the courts or the right to redress grievances. *Lewis v. Casey*, 518 U.S. 343,351 (1996). In order to state a constitutional claim of denial of access to the courts, a plaintiff must make a showing that he has suffered, or will imminently suffer, actual harm; that is he was "hindered [in] his efforts to pursue a legal claim." *Lewis*, 518 U.S. at 351; *see also Jermosen v. Smith*, F.Supp. 864, 871 (S.D.N.Y. 1995) (the mere limitation of access to legal materials, without more, does not state a constitutional claim, as " ' the Constitution requires no more than reasonable access to the courts' ") (citation omitted)).

Plaintiffs' Second Amended Complaint properly removed the claims that were dismissed in their entirety (Second, Seventh, Ninth and Fourteenth through Sixteenth Causes of Action) and those claims that were partially dismissed (Third and Eighth Causes of Action to the extent they alleged a denial of legal materials and supplies in relation to Mills' and Haskins' criminal proceedings in Genesee County; and the Thirteenth Cause of Action to the extent that plaintiffs were

7

retaliated against when they were separated from each other). Accordingly, the plaintiffs have renumbered the Causes of Action that the court allowed to proceed as pled and permitted plaintiffs leave to re-plead.

To the extent the Second Amended Complaint may include allegations or claims related to the Causes of Action that were previously dismissed in whole or in part with prejudice they are dismissed as previously set forth in the court's order of August 23, 2004 (Docket No. 14). Moreover, to the extent plaintiffs seek injunctive relief against the defendants herein said claims are dismissed as moot because plaintiffs are no longer in the custody of Genesee County at the Genesee County Jail inasmuch as they have been transferred to the custody of DOCS following their convictions.

With respect to the claims that the court permitted plaintiffs leave to re-plead, the Court finds that the Second, Sixth and Tenth Causes of Action pled in the Second Amended Complaint (formerly the Third, Eighth and Thirteenth Causes of Action of the First Amended Complaint), which allege a denial of access to the courts by claiming that plaintiffs were denied adequate legal supplies and materials (paper, pens, pencils, envelopes, etc.), that Mills was denied his personal and legal papers after his transfer, that plaintiffs were denied an adequate law library and that they were denied access to the grievance process at the Jail may proceed at this time because the court cannot say at this stage in litigation that it appears beyond doubt that the plaintiffs can prove no set

of facts supporting their claims that entitle them to relief. See Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Dahlberg v. Becker, 748 F.2d 85, 88 (2d Cir. 1984). See also McEachin v. McGuiniss, 357 F.3d 197, 200 (2d Cir. 2004) ("We have frequently reiterated that '[s]ua sponte dismissals of pro se prisoner petitions which contain non-frivolous claims without requiring service upon respondents or granting leave to amend is disfavored by this Court.' ") (quoting Moorish Sci. Temple of Am. Inc. v. Smith, 693 F.2d 987, 990 (2d Cir. 1982); Benitez v. Wolff, 907 F.2d 1293, 1295 (2d Cir. 1990) (per curiam) ("Sua sponte dismissal of a pro se complaint prior to service of process is a draconian device, which is warranted only when the complaint lacks an arguable basis in law or fact. Where a colorable claim is made out, dismissal is improper prior to service of process and the defendants' answer.") (citations and internal quotations omitted)).

The Second Amended Complaint sets forth specific instances in which plaintiffs claim they were prejudiced or hindered in their ability to pursue both legal claims in the courts of New York and the United States, and grievances within the Jail. (Docket No. 18, Second Amended Complaint, ¶¶ 129-138, 167-174 and 198-210). For example, Mills alleges that because he was not provided access to his personal files and other legal materials and supplies he was not able to correspond with the Commissioner of DOCS, the Court of Claims and the New York State Attorney General regarding his confinement in isolation and was not able to initially file challenges to said confinement and the denial of mental

health care. (*Id.*, at ¶¶ 133-135). As a result of the allegedly inadequate law library, plaintiffs claims they were not able to review most of the federal case law which was cited by the court in its initial order in this matter and that Haskins had been denied materials to correspond with attorneys about a dental malpractice claim and to prepare the necessary papers to commence a dental malpractice claim in state court on his own. (*Id.*, ¶¶ 162-172). *Cf. Arce v. Walker*, 58 F.Supp.2d 39 (W.D.N.Y.1999) ("a prisoner's conclusory assertion that he suffered prejudice does not suffice to support an access to courts claim ... some showing of impaired access is required"). Accepting the facts as true and drawing all reasonable inferences in the plaintiffs' favor, as this Court must, *see Chance v. Armstrong*, 143 F.3d 698, 701 (2d Cir. 1998), the Court cannot say at this time that plaintiffs can prove no set of facts in support of their claims of a denial of their rights to access to the courts and to redress grievances. *See Conley*, 355 U.S. at 45-46; *see also Neitzke v. Williams*, 490 U.S. 319, 327 (1989) ("Rule 12(b)(6) does not countenance ... dismissals based on a judge's disbelief of a complaint's factual allegations"). Accordingly, the Second Amended Complaint (Docket No. 18), in its entirety, may proceed as pled at this time and the Court will direct the Clerk of the Court to direct the United States Marshal to serve the Summonses and Second Amended Complaint on the defendants.

### B. Motion Seeking Leave to File a Supplemental Complaint

Plaintiffs have moved for leave to file a supplemental complaint to add five new claims that they claim accrued following the initial filing of this action and two additional defendants, Officers Lindsey and Cawkins. (Docket No. 30, Exh. C). The decision to grant or deny a motion to amend or to file a supplemental pleading rests within the discretion of the court and "should be freely granted when justice so requires." Fed.R.Civ.P. 15(a); *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Krumme v. Westpoint Stevens Inc.*, 143 F.3d 71, 88 (2d Cir.1998); see also *Bemben v. Fuji Photo Film U.S.A., Inc.*, No. 01 Civ. 8616(KMW) (DF), 2003 WL 21146709, at *1 (S.D.N.Y. May 19, 2003) (standard for evaluating a motion to amend and a motion to file a supplemental pleading is essentially the same). The court's discretion is to be guided by "considerations of undue delay, bad faith, and prejudice to the opposing party." *Krumme*, 143 F.3d at 88 (quoting *Barrows v. Forest Labs.*, 742 F.2d 54, 58 (2d Cir.1994)).

As noted by plaintiffs in their motion, granting the motion for leave would not unduly delay this proceeding nor would it cause any prejudice to the defendants inasmuch as the defendants have not yet been served in this matter and no discovery has been commenced. Moreover, the newly pled Causes of Action are of the same type previously pled and primarily involve additional allegations of denial of access to the courts and denial of adequate dental and health care. (Docket No. 30, Exh. C). The only Causes of Action that are not of the type previously pled are a claim by Mills of a denial of his right to privacy by

11

the release of his mental health records and a claim of overcrowding by Mills. Accordingly, plaintiff's motion for leave to file a supplemental complaint (Docket No. 30) is granted and the Clerk of the Court is directed to docket and file as a separate docket entry the Supplemental Complaint which is attached as Exhibit C to the Motion for Leave to File a Supplemental Complaint. (Docket No. 30).

Upon review of the Supplemental Complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A, the court finds that the Fourteenth and Fifteenth Causes of Action must be dismissed with prejudice for failure to state a claim upon which relief can be granted and the Thirteenth, Sixteenth and Seventeenth Causes of Action may proceed at this time. See McEachin, 357 F.3d at 200.

### Fourteenth Cause of Action

Haskins alleges that during the month of August 2004, he was subjected to an overcrowded dorm condition in the North Rec., Second Floor, which violated a "variance" of DOCS, and that as a result he suffered from, among other things, panic attacks, anxiety, and depression. (Docket No. 30, Supplemental Complaint, ¶ 284). He also alleges that he was denied proper medical attention and health care, and was intentionally ignored during this time period.

A plaintiff can state an Eighth Amendment prison overcrowding claim only if he can show that overcrowding caused the infliction of cruel and unusual punishment against him personally. See Rhodes v. Chapman, 452 U.S. 337, 348 (1981). Haskins' wholly conclusory claim of overcrowding at the Jail for a one

month period of time fails to state a claim for relief. He has failed to allege a causal relationship between the alleged overcrowding and his conclusory claims of anxiousness and agitation. See Coronado v. Goord, No. 99 CIV. 1674(RWS), 2000 WL 1372834, at * 6 (S.D.N.Y., Sept. 25, 2000). Moreover, even if Haskins could make such a showing, he would still have to establish the subjective element of an Eighth Amendment claim, see Farmer v. Brennan, 511 U.S. 825, 837-38 (1994), namely, that the overcrowding posed a risk to inmate safety, and that the defendants were deliberately indifferent to it. See, e.g., Houston v. Sheahan, 62 F.2d 902 (7th Cir.1995); Morgan v. District of Columbia, 824 F.2d 1049, 1058 (D.C.Cir.1987). Moreover, "[i]t is the rare case when a plaintiff can make out a claim that his injuries were caused by overcrowding." Coronado, 2000 WL 1372834, at * 67 (citing Bert v. Essex County, N.J. Hall of Records, 986 F.2d 54 (3d Cir.1993); Marsh v. Barry, 824 F.2d 1139, 1146 (D.C.Cir.1987); Waldo v. Goord, No. 97-CV-1385 LEK DRH, 1998 WL 713809, at *4 (N.D.N.Y. Oct. 1, 1998). Based on the facts alleged in the Supplemental Complaint, Haskins has not stated a claim for relief under the Eighth Amendment based on overcrowding and, therefore, the Fourteenth Cause of Action will be dismissed with prejudice.

**Fifteenth Cause of Action**

Haskins and Mills have again alleged that they have been denied "free" legal mail and sufficient legal supplies during the months of August through

13

November 2004. However, they fail to sufficiently state a claim that they have been denied access to the courts in violation of the First Amendment because they have not alleged that they have suffered, or will imminently suffer, actual harm; that is, that they were "hindered [in] their efforts to pursue a legal claim." *Lewis*, 518 U.S. at 351. *Accord Morello v. James*, 810 F.2d 344, 347 (2d Cir. 1987). A plaintiff has not shown actual injury unless he shows that a "nonfrivolous legal claim had been frustrated or was being impeded" due to the actions of prison officials. *Lewis*, 518 U.S. at 351-52. Plaintiffs, despite being fully advised of the elements of such a claim in this Court's initial order in this action (Docket No. 14), have failed to allege that they were in any way hindered or impeded in their ability to pursue a non-frivolous legal claim as a result of this later denial of adequate legal materials and supplies. Because plaintiffs have now had the opportunity to plead their claims at four different times (Complaint, First Amended Complaint, Second Amended Complaint and Supplemental Complaint), to now allow them yet another opportunity to amend their pleadings would simply add another unnecessary layer of pleadings and delay to this case. Accordingly, the Fifteenth Cause of Action will be dismissed with prejudice.

### Sixteenth Cause of Action

Mills alleges that defendant Ted Miller, Community Services Director, Genesee County Mental Health Service, sought a court order in Genesee County

authorizing the release of confidential treatment records in Mills' underlying criminal proceedings in violation of New York State Mental Hygiene Law, § 33.13(c) and what Mills states is 42 U.S.C. § 2000a-a. Initially, the court notes that the alleged violation of a state statute or regulation does not necessarily state a constitutional claim under 42 U.S.C. § 1983, see Soto v. Walker, 44 F.3d 169, 173 (2d Cir. 1995); Bolden v. Alston, 810 F.2d 353, 358 (2d Cir.), cert. denied, 484 U.S. 896 (1987); see also Concourse Rehabilitation & Nursing Center, Inc. v. DeBuono, 179 F.3d 38, 43 (2d Cir. 1999) ("As we repeatedly have explained, the failure of a State authority to comply with State regulations cannot alone give rise to a § 1983 cause of action"), but that a person does have a right to privacy in his medical records and that the disclosure of one's medical records may, in certain circumstances, be a violation of one's right to privacy. See Powell v. Schriver, 175 F.3d 107 (2d Cir.1999); Doe v. City of New York, 15 F.3d 264, 267 (2d Cir.1994); Schwenk v. Kavanaugh, 4 F.Supp.2d 110, 114 (N.D.N.Y.1998).

Mills alleges that his confidential mental health records were disclosed in two court proceedings, and that this disclosure violated his right to privacy, as well as New York's Mental Hygiene Law, § 33.13. While it may be learned or decided later that the disclosure of these records were not in violation of plaintiff's right to privacy or New York's Mental Hygiene Law, § 33.13,[2] and was fully lawful

---

[2] A private right of action for a breach of Mental Hygiene Law, § 33.13 exists. See Godinez v. Siena College, 288 A.D.2d 659 (3d Dept. 2002), appeal dismissed, leave to appeal denied 97 N.Y.2d 722 (2002).

pursuant to state law in the course of Mills' competency ("Fitness to Proceed," N.Y. C.P.L. § 730) proceedings, see Webb v. Goldstein, 117 F.Supp.2d 289, 299 (E.D.N.Y. 2000) (the existence of a right to privacy in any given case "depends on a balancing of the severity of any privacy invasion against the state interest in disclosure"); Hirschfeld v. Stone, 193 F.R.D. 175, 189-90 (S.D.N.Y. 2000) ("plaintiffs' privacy rights are not absolute"); cf. Schwenk, 4 F.Supp.2d at 114 (prosecution's "fishing expedition" in subpoenaing plaintiff's mental health records in criminal trial was a violation of plaintiff's right to privacy and Mental Hygiene Law, § 33.13), the court cannot say at this time that Mills can prove no set of facts in support of his claims. However, Mills' claim under 42 U.S.C. § 2000a-a must be dismissed because it fails to state a claim for relief. This statute prohibits discrimination in places of public accommodation, and simply has no application to Mills' claims herein.

Accordingly, the court will dismiss the Fourteenth and Fifteenth Causes of Action of the Supplemental Complaint, and direct the Clerk of the Court to cause the U.S. Marshal to serve the Summonses, Second Amended Complaint and the Supplemental Complaint upon the defendants.

### C. Plaintiffs' Motions for Appointment of Counsel

Plaintiffs have made two motions for the appointment of counsel. (Docket Nos. 23 and 28). The second of such motions also requests that if counsel is

16

appointed, that whomever is appointed be allowed to file a second amended complaint. That part of motion (Docket No. 28) is denied as moot because plaintiffs have already been provided the opportunity to file a Second Amended Complaint and if counsel were to be appointed at this time or some other time in this matter, he or she could then seek permission to file a further amended complaint, if necessary.

With respect to the motions for appointment of counsel, the Court will deny them without prejudice at this time because they are premature under the standards articulated by *Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997). While the Court has determined that many of the claims raised can proceed under § § 1915(e)(2)(B) and 1915A and the standards articulated by the Second Circuit in relation to the dismissal of claims *sua sponte* under said statutes, *see McEachin*, 357 F.3d at 200, the court has made no determination that the claims are "likely to be of substance," *Hendricks*, 114 F.3d at 392, and that without issue being joined it would be premature to make that determination and the others required under *Hendricks*. Moreover, plaintiffs, especially Mills, have shown an ability to adequately represent themselves, separate and apart from the merits of this action, and the court finds that the appointment of counsel is not warranted at this time. Accordingly, plaintiffs' motion for the appointment of counsel and for leave to allow counsel to file an amended complaint (Docket No. 23 and 28) are denied without prejudice.

**D. Motions for Preliminary Injunction**

Plaintiffs seek an injunction in relation to the discovery or production of their medical records and files in the possession or control of defendant, Terese Bryan, a nurse at the Jail. Specifically, and among other things, they seek an order requiring the court to order court personnel to seize copies of their medical files and records in the possession of Bryan, and an order directing that the testimony of a physicians assistant at the Jail regarding his knowledge concerning plaintiffs' medical records be taken or preserved for later discovery in this matter.

The court can safely say at this time that plaintiffs motion is premature and is based simply on conclusions and speculation that Bryan may have altered their medical files in some manner. Plaintiffs will be entitled to seek discovery of their relevant medical records in this matter upon joinder of issue and the entry of a scheduling order pursuant to Fed.R.Civ. P. 16(b) and 26(f), and, if at that time, there is any substance to their claims that Bryan has taken some action deleterious to their medical records they can move for the appropriate relief at that time. There is simply nothing before the court at this time to convince it that an order is necessary in order to preserve their records or said records confidentially. Accordingly, plaintiffs' motion for a preliminary injunction is denied. (Docket No. 25).

### E. Motion for Judicial Intervention

Plaintiffs seek an injunction directing the Superintendent of the Genesee County Jail, defendant Ronald Greer, to, among other things, stop viewing and withholding legal documents, provide plaintiffs with legal materials and supplies, and free copies of their legal materials, and provide plaintiffs with free postage and to advance their prison accounts to cover legal supplies.  Plaintiffs' motion is moot since both of them are no longer in the custody of the Genesee County Jail or defendant Greer and, therefore, their motion for judicial intervention (Docket No. 27) is denied.

### ORDER

IT IS HEREBY ORDERED that plaintiffs' motions to appoint counsel and to permit such appointed counsel to file a further second amended complaint (Docket Nos. 23 and 28) are **DENIED** without prejudice;

FURTHER, that plaintiffs' motion for a preliminary injunction (Docket No. 25) is **DENIED**;

FURTHER, that plaintiffs' motion for judicial intervention (Docket No. 27) is **DENIED**;

FURTHER, that plaintiffs' motion to file a supplemental complaint (Docket No. 30) is **GRANTED** and the Clerk of the Court is directed to separately file and docket as a "Supplemental Complaint" the proposed Supplemental Complaint

that is attached as Exhibit C to Plaintiffs' Motion to Leave to File a Supplemental Complaint (Docket No. 30);

FURTHER, the operative pleadings in this matter are the Second Amended Complaint (Docket No. 18) and the Supplemental Complaint;

FURTHER, that the Fourteenth and Fifteenth Causes of Action set forth in the Supplemental Complaint are dismissed without prejudice, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1);

FURTHER, the Clerk of the Court is directed to cause the United States Marshal to serve copies of the Summons, Second Amended Complaint (Docket No. 18), Supplemental Complaint, and this Order and the Order filed August 23, 2004 (Docket No. 14) upon the defendants named in the Second Amended Complaint and Supplemental Complaint without plaintiff's payment therefor, unpaid fees to be recoverable if this action terminates by monetary award in plaintiff's favor; and

FURTHER, that, pursuant to 42 U.S.C. § 1997e(g)(2), the defendants are directed to respond to the Second Amended Complaint and Supplemental Complaint.

IT IS SO ORDERED.

_____
HONORABLE RICHARD J. ARCARA
CHIEF JUDGE
UNITED STATES DISTRICT COURT

Dated:      Sept. 16, 2005

20