UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

RICHARD MILLS and DAVID P. HASKINS,

               Plaintiffs,

v.

SENIOR CHIEF OFFICER LUPLOW, et al.,

               Defendants.

**REPORT, RECOMMENDATION
AND ORDER**

04-CV-0005(A)(M)

---

This action was referred to me by Hon. Richard J. Arcara for supervision of pretrial proceedings, including "hearing and disposition of all non-dispositive motions" and "hear[ing] and report[ing] upon dispositive motions" (Dkt. #208). Before me are plaintiff Richard Mills' ("Mills") motions for leave to file a supplemental complaint (Dkt. #364), for a preliminary and final injunction (Dkt. #365), and for an expedited hearing (Dkt. #366). For the following reasons, I order that Mills' motion for leave to file a supplemental complaint be DENIED, and I recommend that his motions for a preliminary injunction and expedited hearing be DENIED.[1]

## BACKGROUND

Mills initially commenced this 42 U.S.C. §1983 action *pro se* by complaint filed January 6, 2004 (Dkt. #1). His claims arise from his incarceration at the Genesee County Jail from October 2003 through December 2004.

---

[1]    Mills' motion for leave to file a supplemental complaint is non-dispositive. See Harris v. Travis, 2007 WL 1362634, *1 n.1 (W.D.N.Y. 2007) (Foschio, MJ).

Among the various claims asserted in the Fourth Amended Complaint,[1] Mills' sixteenth cause of action relates to a psychiatric evaluation that Genesee County Court Judge Robert C. Noonan ordered him to undergo in May 2004 pursuant to N.Y. Crim P. Law Article 730, in connection with his criminal prosecution (Dkt. #342, (Appendix C, Vol. 24), Ex. 3, pp. 7-12). In order to facilitate this examination, Judge Noonan issued an Order dated June 24, 2004, directing Genesee County to release plaintiff's records to the examining psychiatrist (Dkt. #142 (Appendix G, Vol. 1), p. 34). Mills alleges that defendants Ted Miller, Community Services Director of Genesee County Mental Health Services, Augusta Welsh, Clinical Director of Genesee County Mental Health Services, and Nicole Desmond, M.S., Forensic Coordinator at Genesee County Mental Health Services, "somehow got a court order to release [his] personal mental health records" (Dkt. #86, ¶268).

## DISCUSSION AND ANALYSIS

### A.    Motion For Leave to Supplement

Mills moves to supplement his sixteenth cause of action to include a claim against Genesee County Court Judge Robert C. Noonan, Chief Administrative Judge Jonathan Lippman, and the State of New York for releasing his medical records without proper legal findings as mandated by Federal law (Dkt. #364, Proposed Supplemental Complaint).

Defendants argue that this motion should be denied because the deadline for amending pleadings and adding parties has expired. Alternatively, they argue that the motion

---

[1]    The Fourth Amended Complaint consists of the Third Amended Complaint (Dkt. #204) and Supplemental Complaint (Dkt. #222-1). (Dkt. #242).

relates to events that occurred after the complaint was filed, and that Mills is attempting to relitigate this issue, which was previously dismissed in <u>Mills v. Noonan, et al.</u>, (4-CV-0142) (Dkt. #368).

### 1.      Is the Motion Timely?

The June 16, 2006 deadline to amend pleadings and join parties was set forth in the initial March 20, 2006 Case Management Order (Dkt. #68).  Although the Case Management Order was amended on several occasions, the deadline to amend pleadings and join parties was not extended (Dkt. #169).  However, the expiration of this deadline does not absolutely bar plaintiff's motion.

"A party seeking to amend a pleading after the date specified in a scheduling order must first show 'good cause' for the amendment [Fed. R. Civ. P. ("Rule")] under Rule 16(b); then, if good cause can be shown, the party must demonstrate that the amendment is proper under Rule 15(a)." <u>Carnrite</u>, <u>supra</u>, 175 F.R.D. at 446; <u>see also</u> <u>Parker v. Columbia Pictures Industries</u>, 204 F. 3d 326, 340 (2d Cir. 2000) ("Despite the lenient standard of Rule 15(a), a district court does not abuse its discretion in denying leave to amend the pleadings after the deadlines set in the scheduling order where the moving party has failed to establish good cause").  "To demonstrate 'good cause' a party must show that despite their diligence, the time table [established by the scheduling order] could not have reasonably been met." <u>Carnrite</u>, <u>supra</u>, 175 F.R.D. at 446.

However, Mills has not established good cause for his failure to join these proposed defendants within the time frame set forth in the Case Management Order, especially

when the alleged conduct dates back to the inception of the suit.  Therefore, his motion is untimely.

**2.      Is This a Proper Supplemental Complaint?**

Rule 15(d) provides that "the court may . . . permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented".  "Absent undue delay, bad faith, dilatory tactics, undue prejudice to the party to be served with the proposed pleading, or futility, [a motion pursuant to Rule 15(d) should be freely granted." Quaratino v. Tiffany & Co., 71 F. 3d 58, 66 (2d Cir. 1995). However, "events preceding the initial complaint cannot be introduced in a supplemental complaint under Fed. R. Civ. P. 15(d)". Knoeffler v. Town of Mamakating, 87 F. Supp. 2d 322, 328 (S.D.N.Y. 2000).  By contrast, a motion to amend pursuant to Rule15(a) permits inclusion of matters that occurred prior to the filing of the original pleading.  See United States v. Hicks, 283 F. 3d 380, 385 (C.A.D.C. 2002).

As previously discussed, the allegations forming the basis for the proposed supplemental complaint arise from Judge Noonan's June 24, 2004 order directing Genesee County Mental Health to release Mills' psychiatric records to the psychiatrist performing the N.Y. CPL Article 730 evaluation (Dkt. #364, Proposed Supplemental Complaint, ¶¶12-19). Because this conduct arose prior to the filing of the initial complaint, these allegations cannot be introduced in a supplemental complaint. See Knoeffler, supra, 87 F. Supp. 2d at 328.

3.     **Would Granting Leave to Serve the Proposed Supplemental Complaint be Futile?**

"An amendment or supplementation of a pleading is considered a futile act when the proposed new claim would not withstand a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure." Unique Sports Generation, Inc. v. LGH-III, LLC, 2005 WL 2414452, *5 (S.D.N.Y. 2005). Mills had commenced a separate action in 2004 challenging the validity of the mental evaluation ordered by Judge Noonan in Mills v. Noonan, 4-CV-142 (Dkt. #1, Second Cause of Action), which was dismissed by Hon. David G. Larimer's May 10, 2004 Decision and Order (04-CV-0142, Dkt. #5).

Defendants argue that Mills' current motion simply seeks to relitigate the "issue of his improper CPL Section 730 evaluation in Mills v. Noonan" (Dkt. #368, ¶11). I disagree. Mills' proposed supplemental complaint arises from Judge Noonan's June 24, 2004 order requiring the Director of Genesee County Mental Health to release plaintiff's records for the N.Y. CPL Article 730 evaluation, whereas in Mills v. Noonan, he challenged Judge Noonan's May 2004 order to conduct the N.Y. CPL Article 730 evaluation.

Nevertheless, Judge Larimer's Decision and Order in Mills v. Noonan is equally applicable here (04-CV-0142, Dkt. #5). Judge Larimer dismissed the claims against Judge Noonan on absolute immunity grounds, concluding that "it is well settled that judges are absolutely immune from suit for any actions taken within the scope of their judicial responsibilities" (Id. at p. 5). Mills' proposed supplemental complaint does not allege that Judge

Noonan's or Judge Lippman's challenged conduct was outside of the scope of their judicial responsibilities.

Judge Larimer also dismissed Mills' claim against the Genesee County Court, finding that the claims were barred by Eleventh Amendment immunity (Id. at p. 4). Eleventh Amendment immunity also bars Mills' claims against the State of New York. See Carpenter v. Hayden, 2007 WL 1879662, *2 (W.D.N.Y. 2007) (Elfvin, J.) ("The Eleventh Amendment bars federal court claims against states, absent their consent to such suit or an express statutory waiver of immunity.").

Therefore, Mills' motion for leave to file a supplemental complaint is denied.

**B.     Motion for a Preliminary and Final Injunction**

Mills also seeks a preliminary and final injunction to prohibit defendants from accessing or disclosing his NY CPL Article 730 Evaluation, Genesee County Mental Health files, and Genesee County Jail files without permission from either this Court or Mills himself (Dkt. #365).

**1.     Preliminary Injunction Standard**

A party seeking a preliminary injunction ordinarily must show that he will suffer irreparable harm in the absence of an injunction, and demonstrate either: "(1) a likelihood of success on the merits or (2) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in the movant's favor." Jolly v. Coughlin, 76 F. 3d 468, 473 (2d Cir. 1996). However, in some circumstances, an even higher

standard applies. Where, as here, the injunction sought will alter, rather than maintain, the status quo by commanding some positive act, it is properly characterized as a mandatory rather than a prohibitory injunction, and plaintiff must show a "clear" or "substantial" likelihood of success on the merits. See Jolly, supra, 76 F. 3d at 473; Phillip v. Fairfield University, 118 F. 3d 131, 133 (2d Cir. 1997).

2.    **Irreparable Harm**

"Any such presumption of irreparable harm is inoperative if the plaintiff has delayed either in bringing suit or in moving for preliminary injunctive relief.   Though such delay may not warrant the denial of ultimate relief, it may, standing alone, preclude the granting of preliminary injunctive relief, because the failure to act sooner undercuts the sense of urgency that ordinarily accompanies a motion for preliminary relief and suggests that there is, in fact, no irreparable injury". Tough Traveler, Ltd. v. Outbound Products, 60 F. 3d 964, 968 (2d Cir. 1995); see also Costello v. McEnery, 767 F.Supp. 72, 78 (S.D.N.Y. 1991), aff'd, 948 F. 2d 1278 (2d Cir. 1991), cert. denied, 504 U.S. 980 (1992) (applying this principle in a §1983 action).

The challenged disclosures of Mills' medical records appear to fall into three categories:  (1) the disclosures made pursuant to Judge Noonan's N.Y. CPL Article 730 examination (Dkt. #365, Declaration of Plaintiff, ¶13), (2) the disclosures made between Genesee County Mental Health and  the Genesee County Jail (Dkt. #365, Declaration of Plaintiff, "The Sealing of Genesee County Mental Health Files", ¶¶26, 27, "The Genesee County Jail Files",

¶25);[2] and (3) the disclosures made by the Genesee County Jail to its attorneys, Hurwitz and Fine, after the expiration of Mills' authorization for such disclosures (Dkt. #365, Declaration of Plaintiff, "The Genesee County Jail Files", ¶31) .

Many of the alleged disclosures at issue occurred in 2004.  Mills' N.Y. CPL Article 730 evaluation was ordered in May 2004.  Likewise, Mills has not been incarcerated at the Genesee County Jail since December 2004, and the alleged unauthorized disclosure of his medical records between Genesee County Mental Health and Genesee County Jail occurred in June 2004 (Dkt. #142 (Appendix G, Vol. 1) pp. 121-123).  Mills' delay in waiting nearly four years to seek injunctive relief to prevent these disclosures undermines his claim of irreparable harm.  See Tough Traveler, Ltd., supra.

Mills does allege that a recent unauthorized disclosure of his medical records by the Genesee County Jail to its attorneys occurred in February 26, 2008 (Dkt. #365, Declaration of Plaintiff, ¶31).  However, because this claim is not related to the N.Y. CPL Article 730 evaluation or the other claims in the Fourth Amended Complaint, it is not properly before me in this case.  See Candelaria v. Baker, 2005 WL 857067 (W.D.N.Y. 2005) (Schroeder, MJ), Report and Recommendation adopted, 2006 WL 618576 (W.D.N.Y. 2006) (Elfvin, J.) ("The motion for injunctive relief . . . is not properly before the Court . . . because it is separate and apart from the claims asserted in this action".).

Even if this claim were properly before me, Mills alleges that this information was disclosed by the Genesee County Jail to its attorneys and then in turn only to him (Dkt. #365,

---

[2]   Plaintiff's declaration contains duplicative paragraph numbering (Dkt. #365).  Therefore, I have delineated the paragraphs based upon the topic heading under which they appear.

Declaration of Plaintiff, ¶31).  Thus, he has not demonstrated any irreparable harm from this disclosure warranting a preliminary injunction.

"In the absence of irreparable harm, which constitutes an absolute requirement for an award of injunctive relief, I need not consider the further requirements for the granting of a preliminary injunction." Costello, supra, 767 F.Supp. at 78.  Therefore, I recommend that Mills' motion for a preliminary injunction be denied.  In light of this recommendation,  I  also recommend that his motion for an expedited hearing (Dkt. #366) [3] be denied as moot.[4]

## CONCLUSION

For these reasons, I order that plaintiff Mills' motion for leave to file a supplemental complaint (Dkt. #364) be DENIED, and I recommend that his motion for a preliminary and final injunction (Dkt. #365) and for an expedited hearing (Dkt. #366) be DENIED.  Pursuant to 28 U.S.C. §636(b)(1), it is hereby

ORDERED, that this Report, Recommendation and Order be filed with the Clerk of the Court.

---

[3]      "There is no hard and fast rule in this circuit that oral testimony must be taken on a motion for a preliminary injunction or that the court can in no circumstances dispose of the motion on the papers before it." Maryland Casualty Co. v. Realty Advisory Board on Labor Relations, 107 F. 3d 979, 984 (2d Cir. 1997).  I conclude that the motion can be resolved on the papers before me, without the need for a hearing.

[4]      Because "a permanent injunction may only be issued after a valid adjudication of the merits and a showing of actual success on the merits," George v. Morrison-Warden, 2007 WL 1686321, *4 (S.D.N.Y. 2007), I also recommend that Mills' motion for a final injunction be denied.

ANY OBJECTIONS to this Report, Recommendation and Order must be filed with the Clerk of this Court within ten (10) days after receipt of a copy of this Report, Recommendation and Order in accordance with Rule 72(b) and Local Rule 72.3(a)(3).

The district judge will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but was not, presented to the magistrate judge in the first instance. See, e.g., Patterson-Leitch Co. v. Massachusetts Mun. Wholesale Electric Co., 840 F. 2d 985 (1st Cir. 1988).

Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order. Thomas v. Arn, 474 U.S. 140 (1985); Wesolek v. Canadair Ltd., 838 F. 2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 72.3(a)(3) of the Local Rules of Civil Procedure for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." Failure to comply with the provisions of Rule 72.3(a)(3), or with the similar provisions of Rule 72.3(a)(2) (concerning objections to a Magistrate Judge's Report, Recommendation and Order), may result in the District Judge's refusal to consider the objection.

**SO ORDERED.**

DATED:   June 30, 2008

JEREMIAH J. MCCARTHY
United States Magistrate Judge