UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

RICHARD MILLS and DAVID P. HASKINS,

**REPORT RECOMMENDATION AND ORDER**

                              Plaintiff,

v.

SENIOR CHIEF OFFICER LUPLOW, et al.,

04-CV-00005(A)(M)

                              Defendants.

---

This case was referred to me by Hon. Richard J. Arcara in accordance with 28 U.S.C. §636(b) for all pretrial matters (Dkt. #208).  Before me are the motions of plaintiff Richard Mills ("Mills") for summary judgment (Dkt. #346) and to strike and deem facts admitted (Dkt. #357).  For the following reasons, I order that Mills' motion to deem facts admitted and to strike be GRANTED in part and DENIED part, and I recommend that his motion for summary judgment be DENIED. [1]

## BACKGROUND

Mills initially commenced this 42 U.S.C. §1983 action *pro se* by complaint filed January 6, 2004 (Dkt. #1). His claims arise from his incarceration at the Genesee County Jail from October 2003 through December 2004.

---

[1] The motion to strike is a nondispositive motion.  See Carnrite v. Granada Hospital Group, Inc., 175 F.R.D. 439, 441 n.1 (W.D.N.Y. 1997) (Arcara, J.).  I have been unable to locate any authority as to whether a motion to deem facts admitted is a nondispositive motion.  However, because it does not fall within the ambit of the dispositive motions referenced in 28 U.S.C. §636(b)(1)(A), I will treat it as a nondispositive motion.  Should my analysis be incorrect, the District Judge may treat my order as a recommendation.  Because these motions and the summary judgment motion are interrelated, they will be addressed in one decision. Id.

In July 2004 the complaint was amended to add plaintiff David Haskins (Dkt. #11). Thereafter, plaintiffs were granted leave to file a second amended complaint (Dkt. #14, 18), and a supplemental complaint (Dkt. #31). In June 2006, they moved for leave to file a third amended complaint, which *inter alia*, sought to join the second amended and supplemental complaints and to add certain defendants to the sixteenth cause of action (Dkt. #86). Before this motion was decided, in January 2007 Mills filed a motion for summary judgment (Dkt. ## 184-185), as well as a supplemental motion for summary judgment (Dkt. #193).[2] Mills' initial motion seeks summary judgment as to the first, second, fourth, fifth, sixth, seventh, tenth, eleventh, twelfth, sixteenth, twenty-second and twenty-third causes of action of the third amended complaint (Dkt. #184, Notice of Motion). His supplemental motion seeks summary judgment as to the ninth, twentieth, twenty-second, and twenty-third causes of action (Dkt. #193, Notice of Motion).[3]

In February 2007, Hon. H. Kenneth Schroeder, Jr. granted Mills' motion for leave to file a third amended complaint, stating that "the proposed third amended complaint shall be accepted as the third amended complaint insofar as it seeks to name Dr. Singh and Dr. Barry as defendants. Nicole Desmond shall be added as a defendant . . ." (Dkt. #196). At that time,

---

[2]     Although Mills seeks summary judgment as to "the Second Amended Complaint, Supplemental Complaint, and Third Amended Complaint and/of any complaints thereafter" (Dkt. #184, Affidavit, ¶157), I will only address this motion insofar as it seeks summary judgment on the claims set forth in the current third amended complaint, which supersedes all prior complaints.

[3]     The motion also seeks to strike defendants' answers and seeks a default judgment (Dkt. #193, Notice of Motion, ¶¶3-4). However, Mills has only moved to renew his motions insofar as they seek summary judgment.

Mills withdrew his motions for summary judgment (Dkt. ##184-185, 193) without prejudice (Id.).

In December 2007, Mills filed statements of material fact in support of his previous motions for summary judgment (Dkt. ##337, 338).  Shortly thereafter, he renewed his motions for summary judgment (Dkt. #346).

## DISCUSSION AND ANALYSIS

**A.    Mills' Motion to Strike**

Mills seeks to strike defendants' counsel's affidavit and memorandum of law in opposition to his motion because they are not paginated.  Although Local Rule 10 requires all papers to be paginated,  I do not find that defendants' mistaken belief that CM/ECF would paginate his documents (Dkt. #362, ¶10) warrants the harsh sanction of striking the pleadings.  However, defendants should paginate all future submissions.

Mills also seeks to strike the affidavit because it is not made on personal knowledge and contains a statement allegedly intended to degrade him (Dkt. #357, Notice of Motion, ¶2, Declaration, ¶¶3-9).  "Pursuant to Fed. R. Civ. P. 56(e), to be considered on a motion for summary judgment, an affidavit must be sworn upon personal knowledge, must state facts admissible in evidence at the time of trial, and must be offered by a competent affiant." Carnrite, supra, 175 F.R.D. at 448.  "An attorney's affidavit however is rarely based on personal knowledge to be admissible for a summary judgment motion." Otto v. Saia, 2007 WL 189854, *5 (W.D.N.Y. 2007) (Arcara, J.).  Additionally,  "an affidavit based on hearsay from counsel, unsupported by other competent proof, does not comply with Rule 56(e)." " Carnrite, supra, 175

F.R.D. at 448.  However, "an attorney's affidavit can be used to introduce documents and is a common device in summary judgment motions performing that function." Otto, supra, 2007 WL 189854 at *5.

Although defendants' counsel's affidavit states that he is "fully familiar with the facts and circumstances set forth [therein]" (Dkt. #350), it contains several factual statements that are not made on personal knowledge.  For example, without citation to any evidence in the record, the affidavit states that "on June 18, 2004 Plaintiff was seen by the dentist to have a tooth repaired. . . ." (Dkt. #350, ¶29). The affidavit also details the various complaints filed by Mills and their resolution, again without any citation to the record (Id. at ¶11).  Additionally, it states that "defendant Therese Bryan testified on February 14, 2008, the day before this affidavit is being filed that a black composition notebook was utilized for purposes of communicating with the others . . ." (Id. at ¶45).  However, absent attaching the deposition transcript or an affidavit from Ms. Bryan, this portion of the affidavit is inadmissible hearsay.  Therefore, I order that paragraphs 11, 29 and 45 of defendants' counsel's affidavit (Dkt. #350) be stricken.

Additionally, Mills seeks to strike paragraph 40 of the affidavit, which quotes a statement from Genesee County Court Judge Hon. Robert C. Noonan's June 24, 2004 Order allegedly "in an attempt to degrade Plaintiff Mills in this Court" (Dkt. #357, ¶16).  Because defendants' counsel was merely quoting from a public document, I see no basis to strike this portion of the affidavit.  Moreover, as an officer of the Court, defendants' counsel has represented that this was not done in an attempt to degrade Mills (Dkt. #362, ¶16).  Accordingly, I order that this portion of Mills' motion be denied.

-4-

**B.**     **Mills' Motion for Summary Judgment[4]**

    **1.**     **Summary Judgment Standard**

        "Summary judgment is a drastic procedural weapon." Garza v. Marine Transport Lines, Inc., 861 F. 2d 23, 26 (2d Cir. 1988). It is warranted "only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  The party seeking summary judgment has the burden to demonstrate that no genuine issue of material fact exists.  In determining whether a genuine issue of material fact exists, a court must examine the evidence in the light most favorable to, and draw all inferences in favor of, the non-movant. Summary judgment is improper if there is any evidence in the record that could reasonably support the jury's verdict for the non-moving party." Ford v. Reynolds, 316 F. 3d 351, 354 (2d Cir. 2003).

        However, while the moving party must demonstrate the absence of any genuine factual dispute, the party opposing the motion "must do more than simply show that there is some metaphysical doubt as to the material facts . . . . The nonmoving party must come forward with specific facts showing that there is a genuine issue for trial." Matsushita Electric Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986).

---

[4]     Although Mills' motion is captioned as a motion for summary judgment, it is actually a motion for partial summary judgment. Mills does not move for summary judgment on the third or twenty-first causes of action of the third amended complaint.  Additionally,  the eighth, thirteenth, seventeenth, eighteenth, and nineteenth causes of action of the third amended complaint only pertain to plaintiff Haskins (Dkt. #86).  Moreover, the third amended complaint does not contain a fifteenth or sixteenth cause of action (Id.).

**2.      First Cause of Action:  Placement in Solitary Confinement**

Mills contends that Genesee County Jail Superintendent Luplow and corrections officers Hoy, Greer, Mangefrida, and Maha placed him in solitary confinement on October 15, 2003 "to intimidate, harass and cause severe mental trauma in retaliation for [his] civil suit of 03-cv-00196" (Dkt. #86, ¶131).  He further alleges that although he has a history of mental illness, he remained in solitary confinement until October 21, 2003 without being seen by a mental health professional, and without a hearing or any notice of charges warranting his placement in isolation (Id. at ¶¶42, 132-139).  He claims that during this time frame he was denied numerous services "such as law library, recreation, phones, date rooms and T.V., mental health treatment - rehabilitation, access to grievance protocol" (Id. at ¶140). Mills contends that this conduct violated, *inter alia*,  his Constitutional rights under the First, Fifth, Sixth, Eighth and Fourteenth Amendments.

In response, defendants argue that Mills failed to exhaust his administrative remedies for this claim (Dkt. #350, ¶13).  Additionally, relying on an October 15, 2003 statement from corrections officer Phillip Mangefrida, they argue that Mills' placement in isolation was warranted because he refused to sign a fingerprint card and made suicidal remarks during the booking process (Dkt. #350, Ex. B).[5]  Defendants argue that Mills' isolation pending the outcome of his intake screening, mental health evaluation and proper classification were justified under Title 9 of the N.Y.C.R.R. (Dkt. #350, ¶15).  Moreover, defendants argue that "plaintiff's discomfort, if any, was not cruel and unusual and did not extend beyond what should be

---

[5]      Although defendants also contend that Mills was placed in isolation because he would not sign a release authorizing the release of his mental health records from the state correctional facility at Five Points (Dkt. #350, ¶14), the evidence referenced in support of this allegation does not support it.

considered routine discomfort, [and that] plaintiff has not established the state of mind of the jail officials to warrant relief on this claim." (Dkt. #352, p. 5).

"Prisoners may not sue under Section 1983, or any other federal law, to challenge prison conditions unless they first exhaust their administrative remedies." Black v. Goord, 2007 WL 3076998, *4 (W.D.N.Y. 2007) (Siragusa, J.).  To properly exhaust a claim, "inmates must provide enough information about the conduct of which they complain to allow prison officials to take appropriate responsive measures." Johnson v. Testman, 380 F.3d 691, 697 (2d Cir. 2004).  "Where a prison fails to provide access to grievance forms, a prisoner's complaint cannot be dismissed for failure to exhaust." Pendergrass v. Sanney, 2004 WL 1946458, *2 n. 5 (W.D.N.Y. 2004) (Scott, MJ).

Although defendants incorrectly rely upon the exhaustion requirements "for *state* prisoners" (Dkt. #352, p. 4), there is no complaint, grievance or other indication in the record suggesting that Mills complied or attempted to comply with the exhaustion requirements of the Genesee County Jail.  See 9 N.Y.C.R.R. §7032.4.  While he claims that defendants prevented him from filing grievances on a number of his claims,  he does not argue that this was one of those claims (Dkt. #184, Affidavit,  ¶6). Absent exhaustion of his administrative remedies, Mills is not entitled to summary judgment on this claim.

Even if he could establish that he exhausted his administrative remedies for this claim, or that his failure to exhaust should be excused, he has not established his entitlement to summary judgment on the merits.  9 N.Y.C.R.R. §7013.7(a)  provides that "each inmate upon admission to a facility shall undergo an initial screening and risk assessment which shall consist of a screening interview, visual assessment and review of commitment documents.  Such

screening and risk assessment shall occur immediately upon an inmate's admission." Although the initial intake did not occur immediately as required by the regulations, even assuming that the delay was not attributable to Mills' refusal to provide fingerprints and making suicidal threats, there is no evidence that his placement in solitary confinement from October 15, 2003 through October 21, 2003 implicated a protected liberty interest, or that he was denied the minimal civilized measures of life's necessities during this period of confinement, so as to support this claim..

The threshold issue on any of procedural due process claim involving an inmate "is always whether the plaintiff has a property or liberty interest protected by the Constitution". Narumanchi v. Board of Trustees of the Connecticut State University, 850 F. 2d 70, 72 (2d Cir. 1988). "An inmate has a protected liberty interest in not being confined only if the deprivation is atypical and significant . . ." Durran v. Selsky, 251 F. Supp. 2d 1208, 1214 (W.D.N.Y. 2003) (Larimer, J.). Mills has not established as a matter of law that this six-day period in isolation constituted an "atypical and significant" deprivation of a protected liberty interest. See Schmelzer v. Norfleet, 903 F. Supp. 632, 634 (S.D.N.Y. 1995) (holding that an "eleven day confinement in keeplock does not constitute an atypical, significant hardship implicating a protected liberty interest").

Although the Eighth Amendment's prohibition against cruel and unusual punishment "does not mandate comfortable prisons", Rhodes v. Chapman, 452 U.S. 337, 349 (1981), the conditions of confinement must be at least "humane". Farmer v. Brennan, 511 U.S. 825, 832 (1994). In order to establish a violation of his Eighth Amendment rights, an inmate must show (1) a deprivation that is "objectively, sufficiently serious" such that he was denied

"the minimal civilized measure of life's necessities," and (2) a "sufficiently culpable state of mind" on the part of the defendant official, such as deliberate indifference to inmate health or safety. Id. at 834.  Even accepting Mills' allegations that during this six-day period of solitary confinement he was denied law library services, recreation, television, mental health treatment and access to grievance protocols, these deprivations over such a limited duration do not rise to the level of an Eighth Amendment violation as a matter of law.  Accordingly, I recommend that Mills' motion for summary judgment on his first cause of action be denied.


###### 3.      Second Cause of Action:  Denial of Access to Legal Materials

Mills alleges that Superintendent Luplow  and corrections officers Maha, Greer, Zipfel, Zehler, Hoy, Sage, Wolff,  Klometz, and Austin failed to return his legal materials until November 11, 2003, in violation of his First, Fifth, Sixth, Eight and Fourteenth Amendment rights (Dkt. #86, ¶¶144-154).  In response, defendants argue that on October 17, 2003 they received a request from Mills' attorney that his materials be returned to him (Dkt. #350, Ex. D), and that Mills' attorney picked up his legal documents on October 20, 2003 (Id. at Ex. E).

At a minimum, this evidence raises a triable issue of fact.  Accordingly, I recommend that Mills' motion for summary judgment on his second cause of action be denied.


###### 4.      Fourth and Fifth Causes of Action:  Denial of Mental Health Treatment

Mills alleges that Ted Miller, Community Services Director of Genesee County Mental Health Services, Augusta Welsh, Clinical Director of Genesee County Mental Health Services,  Nicole Desmond, M.S. Forensic Coordinator at Genesee County Mental Health

Services, corrections officers Greer and  Maha, Genesee County,  and Genesee County Mental Health deliberately denied him mental health treatment from October 15, 2003 through September 2004 (Dkt. #86, ¶164).  Specifically, Mills contends that he was only treated by social workers and not a psychologist or psychiatrist, and did not receive the psychotherapy he required (Id. at ¶¶165-172).  Mills' fifth cause of action alleges that  these defendants "denied [him] all mental health services other than routine checks for lethality" (Dkt. #86, ¶177).  In response, defendants rely upon various prison records indicating that he was seen by a therapist on numerous occasions, and was treated by a psychiatrist (Dkt. #350, ¶¶19-22, Ex. S, G, H, I).

To establish a violation of the Eighth Amendment arising out of inadequate medical treatment, a prisoner is required to prove "deliberate indifference to [his] serious medical needs." Estelle v. Gamble, 429 U.S. 97, 104 (1976). The "deliberate indifference" standard consists of both objective and subjective components.  Hathaway v. Coughlin, 37 F. 3d 63, 66 (2d Cir. 1994), cert. denied, 513 U.S. 1154 (1995).

Under the *objective* component, the alleged medical need must be "sufficiently serious." Id.  A "sufficiently serious" medical need is "a condition of urgency, one that may produce death, degeneration, or extreme pain." Id. "Factors that have been considered include the existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain." Chance v. Armstrong, 143 F. 3d 698, 702 (2d Cir. 1998).  "The medical condition does not have to occur immediately; it suffices if the condition presents itself  in the next week or month or year." Moore v. McGinnis, 2004 WL 2958471, *6 (W.D.N.Y. 2004) (Siragusa, J.).

-10-

Under the *subjective* component, the prisoner must show that the defendant officials acted with a "sufficiently culpable state of mind" in depriving the prisoner of adequate medical treatment.  Hathaway v. Coughlin, 99 F. 3d 550, 553 (2d Cir. 1996). "The subjective element of deliberate indifference 'entails something more than mere negligence . . . [but] something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result.'" Id.; see also Hernandez v. Keane, 341 F. 3d 137, 144 (2d Cir. 2003), cert. denied, 543 U.S. 1093 (2005) (likening the necessary state of mind to "the equivalent of criminal recklessness").  In order to be found "sufficiently culpable," the official must "know[] of and disregard[] an excessive risk to inmate health or safety; [he] must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."  Farmer, supra, 511 U.S. at 837.

I conclude that defendants have raised a triable issue of fact as to whether they were deliberately indifferent to Mills' mental health needs.  The records relied upon by defendants and other discovery material that has been filed by Mills establish that on October 17 and 31, 2003, November 12, 19 and 25, 2003,  December 16, 2003, and January 6, 2004, Mills was seen by Kelly Kozak, MS. Ed, the Mental Health Clinical Therapist and Forensic Coordinator for the Genesee County Jail (Dkt. #350, Ex. F; Dkt. #142 (Appendix G, Vol. 1), pp. 103-108).  Thereafter, he was seen by defendant Nicole Desmond, M.E., Ms. Kozak's successor, on August 24, 2004, September 7 and 21, 2004 and November 9, 2004 (Dkt. #142 (Appendix G, Vol. 1), pp. 137, 144, 145, 152).

On January 23, 2004 a psychiatric evaluation was performed by Dr. Anthony Racaniello (Id. at Ex. H; Dkt. #142 (Appendix G, Vol. 1), pp. 109-114).  Defendants attempted to

schedule other evaluations at several local facilities without success until Mills received a

"MICA evaluation" at the Parkridge Mental Health Clinic (Dkt. #350, Ex. H).  Mills was then

treated by Dr. Racaniello on August 18, 2004, September 1 and 15, 2004, October 25, 2004, and

December 14, 2004 (Dkt. #350; Ex. H, Dkt. #142 (Appendix G., Vol. 1), pp. 133-136, 141-142,

146, 151, 156).

      Although it is unclear whether this treatment was provided by the Genesee County

Jail or at the expense of Mills' family, Mills' treating therapist, Steven Benjamin, visited him on

numerous occasions (Dkt. #350, Ex. A, p. 33, Ex. G).  Additionally, Mills was unwilling to

consent to the release of his prior mental health records from Five Points until February 2004,

which apparently added to defendants' difficulty in treating him (Id. at Ex. A, p. 72, Ex. F).

      "Although plaintiff may subjectively believe that his care was not adequate or

correct, that difference of opinion does not demonstrate deliberate indifference and does not give

rise to an Eighth Amendment claim."  Flemming v. Wurzberger, 490 F. Supp.2d 320, 324

(W.D.N.Y. 2007) (Larimer, J.) (finding no Eighth Amendment violation where the plaintiff was

transferred to a special housing unit where there was no on-site psychiatric coverage).

      "Section 504 of the Rehabilitation Act and Title II of the [Americans with

Disabilities Act ("ADA")] are applicable to inmates in state prisons."  Allah v. Goord, 405 F.

Supp.2d 265, 274 (S.D.N.Y.2005).   To the extent that Mills  alleges violations of Title II of the

Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12132 , and Section 504 of the

Rehabilitation Act of 1973, 29 U.S.C. § 794(a) (Dkt. #86, ¶¶173(B) and 180(B)), I also find that

Mills has not established his entitlement to summary judgment on these claims. "Insofar as

[Mills] is suing the individual defendants in their individual capacities, neither Title II of the

ADA nor § 504 of the Rehabilitation Act provides for individual capacity suits against state officials." <u>Garcia v. S.U.N.Y. Health Sciences Center of Brooklyn</u>, 280 F.3d 98, 107 (2d Cir. 2001); <u>Andino v. Goord</u>, 2008 WL 724209, *2 (W.D.N.Y. 2008) (Scott, MJ).  As to Mills remaining official capacity claims, "the requirements for stating a claim under the ADA are virtually identical to those under § 504 of the Rehabilitation Act.  Stated in the ADA's terms, a plaintiff is expected to show that (1) he or she is a qualified individual with a disability; (2) he or she is being excluded from participation in, or being denied the benefits of some service program, or activity by reason of his or her disability; and (3) the entity which provides the service, program or activity is a public entity." <u>Smith v. Masterson</u>, 538 F. Supp.2d 653, 657 (S.D.N.Y. 2008).  However, I find that Mills has not established that he suffers from a qualifying mental impairment which substantially limits a major life activity or that he was denied the benefits of a service, program or activity by reason of a disability.   Accordingly, based upon the record before me, I recommend that  Mills' motion for summary judgment on his fourth and fifth causes of action be denied.


5.      **Sixth Cause of Action: Access to Courts**

Mills alleges that corrections officers Greer and Maha, Genesee County, and Genesee County Jail have denied him sufficient legal materials and assistance, which "caused huge delays and complications on a regular basis" in his pursuit of "several state civil routes of action such as Article 78, writ of habeas corpus, and this federal matter herein" (Dkt. #86, ¶¶183-195).  In response, defendants contend that Mills was afforded reasonable access to legal materials through the courts via the Genesee County Jail Law Library, and that because "he has

commenced a large number of proceedings without any difficulty [,] [h]e has not demonstrated an actual injury" (Dkt. #350, ¶25).

"Prisoners, including pretrial detainees, have a constitutional right of access to the courts". Bourdon v. Loughren, 386 F.3d 88, 92 (2d Cir. 2004). However, "the mere limitation of access to legal materials, without more, does not state a constitutional claim, as the Constitution requires no more than reasonable access to the courts." Nolley v. County of Erie, 2008 WL 859165, *4 (W.D.N.Y. 2008) (Skretny, J.). In order to state a constitutional claim, a plaintiff must also establish that this conduct "hindered his efforts to pursue a legal claim." Lewis v. Casey, 518 U.S. 343, 351 (1996).

While Mills alleges that defendants' conduct has caused him "huge delays", "interferences that merely delay an inmates's ability to work on a pending cause of action or to communicate with the courts do not violate this constitutional right." Jermosen v. Coughlin, 1995 WL 144155, *5 (S.D.N.Y. 1995). Beyond this, Mills has failed to explain how defendants' conduct "materially prejudiced a pending legal action or one that he sought to file in the courts." Smith v. O'Connor, 901 F. Supp. 644, 649 (S.D.N.Y. 1995). Accordingly, based upon the record before me, I recommend that Mills' motion for summary judgment on his sixth cause of action be denied.

6.      **Seventh Cause of Action: Release of Confidential Medical Information**

Mills alleges that the Genesee County Jail lacks a written protocol for sick call and mental health care visits, and that inmates are required to disclose to their floor officers their confidential medical and mental health issues (Dkt. #86, ¶¶199-201). He also alleges that there

were an insufficient number of doctors available, which led to him being denied medical attention for days (Id. at ¶203).  In response, defendants argue that Mills has not exhausted his administrative remedies for this claim (Dkt. #350, ¶13).   Additionally, defendants contend that he has not established that there is a constitutional requirement for a written protocol, has failed to identify what confidential information - if any - was released to defendants, and that Mills was provided with adequate mental health care (Dkt. #350, ¶26).

There is no complaint, grievance or other indication in the record that Mills complied or attempted to comply with the exhaustion requirements of the Genesee County Jail for this claim.  See 9 N.Y.C.R.R. §7032.4.  He does not allege that this was one of the claims as to which defendants prevented him from exhausting his administrative remedies (Dkt. #184, Affidavit ¶6).  Therefore, based upon the record before me, I find that Mills has not established that he exhausted his administrative remedies for this claim.

Even if he could establish that he exhausted his administrative remedies, I would still deny his motion.  To the extent that this cause of action alleges that Mills was denied adequate medical treatment, this claim is addressed in the fourth, fifth and ninth causes of action, and will not be repeated herein.

As to Mills' remaining claim, while inmates have a constitutional right to privacy against disclosure of their medical records and condition, "prison officials can impinge on that right . . . to the extent that their actions are reasonably related to legitimate penological interests".  Powell v. Schriver, 175 F.3d 107, 112 (2d Cir. 1999); see Nolley v. County of Erie, 776 F. Supp. 715, 729, 731 (W.D.N.Y. 1991) (Curtin, J.).  On the record before me, I cannot conclude as a matter of law that  the alleged requirement that the requirement that Mills disclose his

confidential medical information to the floor officer is not reasonably related to legitimate penological interests.  Accordingly, I recommend that Mills' motion for summary judgment on his seventh cause of action be denied.

7.      **Ninth Cause of Action: Denial of Adequate Dental Care**

Mills alleges that he was repeatedly denied access to a dentist for extended periods of time, which resulted in him being left in severe pain and discomfort for weeks and months (Dkt. #86, ¶¶215-226).  In response, defendants rely upon the affidavit of their attorney which states - without referring to any supporting evidence - that Mills first requested to see a dentist in April 2004 and  was treated on June 18, 2004 and August 31, 2004 by a dentist (Dkt. #350, ¶29).  However, as discussed previously, this paragraph of the affidavit has been stricken.

Nevertheless, a review of the grievance documentation filed in connection with this claim demonstrates that Mills was seen by various medical staff for his dental complaints  at the prison until he was eventually treated by a dentist on June 28, 2004 and in August 2004 (Dkt. #123 (Appendix Z, Vol. 1), pp. 12-30; Dkt. #193, Ex. B).  Based upon this evidence, I cannot conclude that Mills has established as a matter of law that defendants were deliberately indifferent to his dental needs.  Accordingly, I recommend that Mills' motion for summary judgment on his ninth cause of action be denied.

8.      **Tenth Cause of Action:  Denial of Access to Grievance Forms**

Mills alleges that Superintendent Luplow and corrections officers Maha, Zehler, Zipfel, and Cawkins denied him access to the Genesee County Jail's grievance procedure by

denying him access to grievance forms (Dkt. #86, ¶¶230-237).  In response, defendants argue that Mills has failed to exhaust his administrative remedies for this claim, and that in any event, the 16 grievances filed concerning the claims in this action demonstrate that he had adequate access to the grievance procedure (Dkt. #350, ¶¶13, 30-31; Dkt. #352, ¶8).

There is no complaint, grievance or other indication before me that Mills complied or attempted to comply with the exhaustion requirements of the Genesee County Jail for this claim.  See 9 N.Y.C.R.R. §7032.4.  Mills also does not allege that this was one of the claims as to which defendants prevented him from exhausting his administrative remedies (Dkt. #184, Affidavit ¶6).  Therefore, based upon the record before me, I find that Mills has not established that he exhausted his administrative remedies for this claim.

Even if he could establish that he exhausted his administrative remedies for this claim, "courts have consistently held that because grievances procedures are undertaken voluntarily by the New York and other states, they are not constitutionally required.  Because the grievance procedures are not constitutionally required, a violation of those procedures or the failure to enforce them does not give rise to a claim under section 1983." Chadwick v. Mondoux, 2007 WL 2891655, *6 (N.D.N.Y. 2007) (holding that plaintiff's claim that he was not provided a grievance form when he requested it was not a constitutional claim). Accordingly, I recommend that Mills' motion for summary judgment on his tenth cause of action be denied.

9.      **Eleventh Cause of Action: Retaliation**

Mills alleges that defendants Miller and Welsh have retaliated against him by denying him mental health services for the filing of this action and a prior action (03-CV-00196)

(Dkt. #86, ¶¶241-246).  In response, defendants assert that Mills has not moved for summary judgment on this cause of action (Dkt. #350, ¶32).

Although Mills *has* moved for summary judgment on this cause of action (Dkt. #184, Notice of Motion, ¶6) (Dkt. #185, p. 16), having found that a triable issue of fact exists as to whether he was denied adequate mental health treatment, I cannot conclude as a matter of law that defendants Miller and Welsh retaliated against him in this regard.  Accordingly, based upon the record before me, I recommend that Mills' motion for summary judgment on his eleventh cause of action be denied.

### 10.    Twelfth Cause of Action:  Denial of Recreation

Mills alleges that he was denied sufficient recreation while at the Genesee County Jail (Dkt. #86, ¶250).  He claims that "there is a indoor room with nothing to do at all.  There is a SWUARE [*sic*] room with mats on a small part of the floor and said room has no more than one 400 square foot", that the windows in this room "are usually closed in the winter months", that he did not receive outdoor clothing to wear in this room which is not heated, and that he was strip searched before entering this room (Dkt. #86, ¶¶ 250-255).  He also alleges that he "did not go to recreation [because he] can do more in his cell, [he] can at least do pull ups on the bars for the showerrod [*sic*]" (Id. at ¶253).  Mills seeks "injunctive relief to provide inmates a out door [*sic*] recreation area with exercise activities such as weights, basket ball or other sports"  (Id. at ¶255).  In response, defendants contend that Mills has failed to exhaust his administrative remedies (Dkt. #350, ¶13) and that he has failed to identify an actual injury that he sustained as a result of the alleged inadequate recreation provided (Dkt. #352, ¶9).

While Mills did file complaints concerning this claim(Dkt. # 110 (Appendix D, Vol. 3), pp. 1-3), he contends that defendants' failed to provide him grievance forms to pursue this claim (Dkt. #184, Affidavit , ¶6).   Assuming that Genesee County Jail was obligated to provide Mills with grievance forms for these complaints, its failure to do so prohibits this claim from being dismissed for failure to exhaust.  See Pendergrass, supra, 2004 WL 1946458, *2 n. 5.

However, even assuming that Mills' claims are exhausted, his allegations are insufficient to establish entitlement to summary judgment on this cause of action. "Exercise is a basic human need protected by the Eighth Amendment to the United States Constitution." Dabney v. McGinnis, 2006 WL 1285625, *4 (W.D.N.Y. 2006) (Arcara, J.).  "However, not every deprivation of exercise amounts to a constitutional violation. Rather, a plaintiff must show that he was denied all meaningful exercise for a substantial period of time.  Factors to consider in making this determination are:  (1) the duration of the deprivation; (2) the extent of the deprivation; (3) the availability of other out-of-cell activities; (4) the opportunity for in-cell exercise; and (5) the justification for the deprivation." Id.

Mills does not argue that he was denied access to exercise.  In fact, he concedes that he is able to exercise in his cell (Dkt. #86, ¶253).  Rather, his claim appears to center on the sufficiency of the facility provided for out- of-cell activities.  However, on the record before me, I cannot conclude as a matter of law that the lack of exercise options available to Mills rise to the level of a "fundamental and shocking indecency".  Anderson v. Coughlin, 757 F. 2d 33, 36 (2d Cir. 1985) ("With outdoor recreation space provided and opportunity for its daily use assured, the absence of additional exercise space indoors and of recreational equipment for use in the outdoor

space is not a denial of constitutional rights."). Accordingly, I recommend that Mills' motion for summary judgment on his twelfth cause of action motion be denied.


### 11.     Sixteenth Cause of Action

Mills alleges that defendants Miller, Welsh and Desmond "somehow got a court order to release [his] personal mental health records" (Dkt. #86, ¶268). In response, defendants allege that these records were released pursuant to court order, and therefore no liability can be imputed to them (Dkt. #350, ¶¶39-40; Dkt. #352, ¶10).

N.Y. Mental Hygiene Law §33.13(c)(1) provides that confidential medical records may be released pursuant to court order. Judge Noonan directed that Mills undergo a psychiatric evaluation pursuant to N.Y. Crim P. Law Article 730 (Dkt. #342, (Appendix C, Vol. 24), Ex. 3). In order to facilitate this examination, Judge Noonan issued an Order dated  June 24, 2004, directing Genesee County to release Mills' records to the  examining psychiatrist or psychologist (Dkt. #142 (Appendix G, Vol. 1), p. 34). Because Mills does not contend that defendants acted contrary to this order,  I recommend that his motion for summary judgment on his sixteenth cause of action be denied.


### 12.     Twentieth Cause of Action

This claim alleges that "upon information and belief defendant Terese Bryan destroyed pages in a medical logbook and tampered with dates in both plaintiffs' medical files - records at the Genesee County Jail" (Dkt. #86, ¶308). Mills contends that these actions have denied him meaningful access to the federal courts (Id. at ¶309).  In response, defendants rely

upon the affidavit of their counsel, which asserts that on February 14, 2008 (the day before defendants filed their opposition) defendant Bryan testified that a black composition notebook was maintained by the medical department for mundane communications amongst the medical staff, but that these notebooks were destroyed when they were full (Dkt. #350, ¶45).  However, having stricken this aspect of defendants' counsel's affidavit (see Section A, supra), defendants have not submitted any admissible evidence in opposition to this portion of Mills' motion.

Nevertheless, Mills has failed to establish how defendant Bryan's actions, even if true, denied him meaningful access to federal courts, as he has not shown that these actions "materially prejudiced a pending legal action or one that he sought to file in the courts." Smith, supra, 901 F. Supp. at 649.  Accordingly, based upon the record before me, I recommend that Mills' motion for summary judgment on his twentieth cause of action be denied.

### 13.      Twenty-Second Cause of Action

Mills alleges that defendant Genesee County is responsible for the actions of its employees because they have created "a policy, custom or practice that allows the actors in office to be the final decision makers" and "has allowed complete and total breakdown, systematic failure, in the judicial system of Genesee County so as the officers, agents, employees are allowed to do as they wish without proper supervision" (Dkt. #86, ¶¶320-321).  Although Mills moves for summary judgment on this claim, he does not raise any specific arguments concerning his entitlement to summary judgment.

"[A] municipality is a 'person' to whom §1983 applies." Rochez v. Mittleton, 839 F. Supp. 1075, 1078 (S.D.N.Y. 1993).  To hold a municipality liable under §1983, a plaintiff

must "plead and prove three elements: (1) an official custom or policy that (2) causes the plaintiff to be subjected to (3) a denial of a constitutional right". <u>Batista v. Rodriguez</u>, 702 F. 2d 393, 397 (2d Cir. 1983); <u>see</u> <u>Vippolis v. Village of Haverstraw</u>, 768 F. 2d 40, 44 (2d Cir. 1985), <u>cert.</u> <u>denied</u>, 107 S. Ct. 1369 (1987).

In order to prove the existence of a custom or policy, a plaintiff must present evidence of either a formal policy which is officially endorsed by the municipality, or a practice so persistent and widespread that it constitutes a "custom or usage" and implies the constructive knowledge of policy-making officials.  <u>See</u> <u>Monell v. Department of Social Services of the City of New York</u>, 436 U.S. 658, 690-91 (1978).  A custom or policy may also be established if  the challenged conduct was by government officials responsible for establishing municipal policies. <u>See</u> <u>Pembaur v. City of Cincinnati</u>, 475 U.S. 469, 483-84 (1986).  "The inference that a policy existed may . . . be drawn from circumstantial proof, such as evidence that the municipality so failed to train its employees as to display a deliberate indifference to the constitutional rights of those within its jurisdiction." <u>Ricciuti v. N.Y.C. Transit Authority</u>, 941 F.2d 119, 123 (2d Cir. 1991).

On the record before me, I find  that Mills has not established as a matter of law that there was a custom or policy by Genesee County to deprive inmates of their constitutional rights.  Moreover, I have not found as a matter of law that any of Mills' constitutional rights were violated.  Accordingly, I recommend that Mills' motion for summary judgment on his twenty-second cause of action be denied.

14. **Twenty-Third Cause of Action**

Mills "brings this cause of action for all NEW YORK STATE Law violations alleged as detailed in each and every cause of action herein" (Dkt. #86, ¶325). However, he makes no arguments and introduces no evidence in support of his entitlement to summary judgment on his state law claims. Accordingly, based upon the record before, I recommend that Mills' motion for summary judgment on his twenty-third cause of action be denied.

Defendants have now moved for summary judgment (Dkt. #376). In opposing that motion, Mills will have the opportunity to demonstrate, by reference to evidence in the record, why his causes of action should not be dismissed.


C. **Mills' Motion to Deem Facts Admitted**

Mills argues that his statements of undisputed fact (Dkt. ##337-338) which he submitted in support of his motions for summary judgment pursuant to Local Rule 56.1(a) should be deemed admitted, based on defendants' failure to submit a statement of disputed facts (Dkt. #357, Notice of Motion, ¶1). However, even if Mills' statement of undisputed facts were deemed admitted, it would not alter my analysis of his motion for summary judgment. Accordingly, Mills' motion to deem facts admitted is denied as moot.

## CONCLUSION

For these reasons, I order that plaintiff Mills' motion to strike be GRANTED in part and DENIED part  (Dkt. #357) and that Mills' motion to deem facts admitted be DENIED as moot (Dkt. #357), and recommend that Mills' motion for summary judgment (Dkt. #346) be DENIED.   Pursuant to 28 U.S.C. §636(b)(1), it is hereby

ORDERED, that this Report, Recommendation and Order be filed with the Clerk of the Court.

ANY OBJECTIONS to this Report, Recommendation and Order must be filed with the Clerk of this Court within ten (10) days after receipt of a copy of this Report and Recommendation in accordance with the above statute, Fed. R. Civ. P. 72(b) and Local Rule 72.3(a)(3).

The district judge will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but was not presented to the magistrate judge in the first instance.  See, e.g., Patterson-Leitch Co. v. Massachusetts Mun. Wholesale Electric Co., 840 F. 2d 985 (1st Cir. 1988).

Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.  Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wesolek v. Canadair Ltd., 838 F. 2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 72.3(a)(3) of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority."  Failure to comply with the provisions of

Rule 72.3(a)(3), or with the similar provisions of Rule 72.3(a)(2) (concerning objections to a

Magistrate Judge's Report, Recommendation and Order), may result in the District Judge's refusal

to consider the objection.


**SO ORDERED.**

DATED:        July 1, 2008

_____

JEREMIAH J. MCCARTHY

United States Magistrate Judge