UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

────────────────────────────────

RICHARD F. MILLS and DAVID P. HASKINS,          **DECISION AND ORDER**
                                                **No. 1:04-cv-00005-MAT**
                    Plaintiffs,

        -vs-

SENIOR CHIEF OFFICER LUPLOW, OFFICER
HOY, SUPERINTENDENT R. J. GREER,
OFFICER MANGEFRIDA, OFFICER ZIPFEL,
OFFICER ZEHLER, OFFICER SAGE, OFFICER
AUSTIN, OFFICER WOLFF, OFFICER
KLOMETZ,SHERIFF GARYMAHA, OFFICER
MANLEY, OFFICER RIDDER, OFFICER KLEIN,
OFFICER MATTICE, OFFICER CONWAY,
OFFICER STACK, OFFICER ITIJEN, OFFICER
SMITH, OFFICER RENZ, OFFICER CREEGAN,
TED MILLER, GENESEE COUNTY MENTAL
HEALTH SERVICES, GENESEE COUNTY JAIL,
GENESEE COUNTY, TERESE BRYAN, OFFICER
CALKINS and OFFICER LINDSEY,

────────────────────────────────
                    Defendants.

────────────────────────────────

**BACKGROUND**

        Proceeding <u>pro se</u>, Richard Mills ("Plaintiff") and David

Haskins, a fellow inmate at the Genesee County Jail, filed a

Complaint dated December 26, 2003, alleging claims under under 42

U.S.C. § 1983, Title II of the American With Disabilities Act, 42

U.S.C. § 12132 <u>et seq.</u>, and the Rehabilitation Act, 29 U.S.C. § 794

<u>et seq.</u> On January 21, 2010, the Court (McCarthy, M.J.) placed on

the record the terms of settlement of this action, along with two

other civil actions involving Plaintiff.

        In <u>pro se</u> papers dated July 20, 2016, Plaintiff filed a Motion

to Vacate the Judgment (Dkt #531) pursuant to Federal Rule of Civil

Procedure 60(b) ("Rule 60(b)"), although he had filed a Stipulation of Discontinuance, through counsel, on February 23, 2010 (Dkt #514). Plaintiff also filed a Motion for Sanctions (Dkt #534) pursuant to Rule 11 of the Federal Rules of Civil Procedure. The attorneys for defendants filed opposition papers (Dkt ##537, 538) to these motions. Plaintiff then filed a Motion for Issuance of Subpoenas (Dkt #539).

For the reasons discussed below, all three motions are denied.

## MOTION TO VACATE

### I.   Legal Principles

Pursuant to Rule 60(b), "[o]n motion and just terms, a court may relieve a party or its legal representative from a final judgment, order, or proceeding" for any of the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

FED. R. CIV. P.  60(b). Petitioner specifies subsections (1) through

-2-

(6) of Rule 60(b) as the grounds for his motion.

## II. Analysis

The gravamen of Plaintiff's Motion to Vacate is that retired Genesee County Court Judge Robert Noonan, who presided over Plaintiff's criminal trial in 2004, committed fraud when he allegedly lied in a Decision and Order dated June 2, 2005, in connection with Plaintiff's criminal proceeding. According to Plaintiff, the lie concerned the degree of kinship between Judge Noonan and Assistant District Attorneys Robert and William Zickl ("the Zickl Brothers"), neither of whom was responsible for prosecuting Plaintiff's criminal case. In the Decision and Order at issue, Judge Noonan stated that the Zickl Brothers were his first cousins, once removed. As proof of Judge Noonan's alleged lie, Plaintiff has submitted a newspaper article June 28, 2016, stating that Judge Noonan's father was the father-in-law of the Zickl Brothers' father. Thus, based on the article, Plaintiff asserts, the Zickl Brothers are actually Judge Noonan's nephews, and not his first cousins, once removed. According to Plaintiff, this establishes an ethical violation by Judge Noonan, whom he claims should have recused himself based on his familial relationship with the Zickl Brothers.

Plaintiff cannot avail himself of subsections (1), (2), or (3) of Rule 60(b) because his Motion to Vacate was not made within one year after the Judgment. See FED. R. CIV. P. 60(c)(1) ("A motion

under Rule 60(b) must be made within a reasonable time--and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding.").

Rule 60(b)(4) which, applies when the judgment is void, cannot be invoked here. A judgment is void "only if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process of law." Grace v. Bank Leumi Trust Co., 443 F.3d 180, 194 (2d Cir. 2006). The newspaper article discussing the familial relationship between Judge Noonan and the Zickl Brothers does not have the effect of voiding this Court's Judgment.

Plaintiff cannot rely on Rule 60(b)(5), which allows vacatur if the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable). The Court's Judgment dismissing the Complaint is not subject to being satisfied, released or discharged. Likewise, it was not based on an earlier judgment that has been reversed or vacated. Finally, it did not leave open future adjudication of any issues regarding the rights of the parties. See Tapper v. Hearn, No. 15-2249-CV, ___ F.3d ___, 2016 WL 4204794, at *4 (2d Cir. Aug. 10, 2016) ("The fact that the district court's prior dismissal was not executory and did not leave open future adjudication of any issues regarding the rights of the parties now at issue here and before the district

-4-

court is fatal to Petitioners' claim under [Rule 60(b)(5)].").

Rule 60(b)(6) provides that a court may relieve a party from a final judgment for "any other reason that justifies relief." FED. R. CIV. P. 60(b)(6). Significantly, "Rule 60(b)(6) applies only 'when the asserted grounds for relief are not recognized in clauses (1)-(5) of the Rule' and 'there are *extraordinary circumstances* justifying relief.'" Tapper, 2016 WL 4204794, at *4 (quoting Nemaizer v. Baker, 793 F.2d 58, 63 (2d Cir. 1986); emphasis supplied). Even assuming that Plaintiff is correct about the actual relationship between Judge Noonan and the Zickl Brothers, and assuming further that their relationship was relevant to the Judgment in this action, any resulting conflict of interest falls far short of the "extraordinary circumstances" necessary to invoke Rule 60(b)(6). See Moskowitz v. Coscette, 51 F. App'x 37 (2d Cir. 2002) (any tension that may have existed within attorney's dual representation of police chief and town in police officer's action alleging retaliation in violation of First Amendment did not rise to level of "extraordinary circumstance" warranting relief from final judgment in favor of officer, even if attorney failed to highlight evidence that police commission had instructed chief to build a case against officer, where attorney did not take position, advance argument, or adopt strategy that benefitted town at officer's expense).

In short, Plaintiff has not demonstrated, nor can he, that

"extraordinary circumstances" exist so as to justify reopening the Judgment dismissing Plaintiff's Complaint. Indeed, "extraordinary circumstances" are plainly absent in this case, where Plaintiff has been permitted to argue these meritless kinship claims repeatedly, in both State and Federal court.

**MOTION FOR SANCTIONS**

## I.   Legal Principles

Rule 11 requires that "[e]very pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name--or by a party personally if the party is unrepresented[.]" FED. R. CIV. P. 11(a). By affixing his signature to a pleading, the <u>pro se</u> litigant or the attorney certifies that to the best of his knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, that the pleading

> (1) is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
> (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;
> (3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief.

FED. R. CIV. P. 11(b); <u>see also</u> <u>Business Guides, Inc. v. Chromatic Communications Enterprises, Inc.</u>, 498 U.S. 533, 542 (1991) ("The signature 'certifies to the court that the signer has read the

document, has conducted a reasonable inquiry into the facts and the law and is satisfied that the document is well grounded in both, and is acting without any improper motive.'").

## II. Analysis

Plaintiff asserts entitlement to sanctions pursuant to Rule 11 on the basis that Judge Noonan allegedly committed "fraud, perjury, and [made] misstatements meant to mislead" the Court. The allegedly untruthful statements by Judge Noonan about the degree of kinship between himself and the Zickl Brothers, discussed above, form the basis of Plaintiff's Rule 11 motion. Rule 11 has no application here. First, Judge Noonan did not file any pleadings in this action. Second, the alleged misrepresentation did not occur in the context of this litigation and cannot be the basis for sanctions in this action.

Plaintiff is cautioned that "the filing of a motion for sanctions is itself subject to the requirements of [Rule 11] and can lead to sanctions." FED. R. CIV. P. 11 advisory committee's note (1993 Amendments) (quoted in Safe-Strap Co. v. Koala Corp., 270 F. Supp. 2d 407, 421 (S.D.N.Y. 2003)). Plaintiff's present motions, which are also asserted verbatim in nine other cases he has filed in this Court, are precisely the type of "abusive litigation tactics," Gaines v. Gaston, No. 92 CIV. 0643(DNE), 1998 WL 574380, at *3 (S.D.N.Y. Sept. 8, 1998), that Rule 11 was intended to deter.

**MOTION FOR ISSUANCE OF SUBPOENAS**

Plaintiff seeks an order mandating Judge Noonan to appear before the Court and state under oath how he is related to the Zickl Brothers and produce a copy of his birth certificate. Plaintiff also seeks an order mandating that the journalist who wrote the newspaper article discussed above be required to appear and testify before the Court. Unsurprisingly, Plaintiff cites no legal authority in support of these requests, which are entirely frivolous and warrant no further discussion.

## CONCLUSION

For the reasons discussed above, Plaintiff's Motion to Vacate the Judgment, Motion for Sanctions, and Motion for Issuance of Subpoenas are **denied with prejudice.** The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore in forma pauperis status is denied for purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

**S/ Michael A. Telesca**

_____

HON. MICHAEL A. TELESCA
United States District Judge

Dated:     October 14, 2016
           Rochester, New York.

-8-